**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **OMEGA WORLD TRAVEL, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 08-118C**<br>**(Judge Firestone)** |

**CW GOVERNMENT TRAVEL, INC.'S MOTION TO INTERVENE**

Pursuant to the Rules of the United States Court of Federal Claims ("RCFC"), CW Government Travel, Inc. ("CWGT"), by its undersigned counsel, respectfully moves to intervene as a matter of right in the above-captioned matter. Intervention is proper in accordance with Rule 24(a) of the RCFC because CWGT has timely applied for intervention; because, according to Plaintiff, "a grant of the relief requested would require disqualification of [CWGT]," Complaint at 3; because the protection of CWGT's interest will be impaired or impeded without its participation; and because CWGT's interest will not be adequately represented by the existing parties. Alternatively, CWGT should be permitted to intervene in accordance with RCFC 24(b) because CWGT's defense and the main action have questions of law or fact in common.

CWGT's Memorandum of Points and Authorities in Support of this Motion is attached.

Respectfully submitted,

Dated: March 19, 2008

/s/ Lars E. Anderson by Peter A. Riesen

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1605 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)
*Counsel to CW Government Travel, Inc.*

*Of Counsel:*

Peter A. Riesen
Patrick R. Quigley
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1605 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)

MC1DOCS1/247489.01

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **OMEGA WORLD TRAVEL, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 08-118C**<br>**(Judge Firestone)** |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CW GOVERNMENT TRAVEL, INC.'S MOTION TO INTERVENE**

Pursuant to Rule 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), CW Government Travel, Inc. ("CWGT"), by its undersigned counsel, respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Intervene. As set forth below, CWGT is entitled to intervene as a matter of right in accordance with RCFC 24(a). Alternatively, CWGT should be permitted to intervene in accordance with RCFC 24(b).

**STATEMENT OF FACTS**

On February 1, 2008, Omega World Travel, Inc. ("Omega") filed an Agency-Level Protest with the United States Department of Justice ("DOJ") and the United States General Services Administration ("GSA") alleging, among other things, violations of the Competition in Contracting Act, 41 U.S.C. § 251, *et seq.* and the Procurement Integrity Act, 41 U.S.C. § 423. *See* Court of Federal Claims Complaint at 4.

On February 29, 2008, Omega filed a Complaint in this Court making the same allegations as it did in its Agency-Level Protest and requesting that this Court direct "DOJ and

GSA to disqualify [CWGT] and to terminate any existing contracts with it that are at issue in this protest." *Id.* at 10. Specifically, Omega argues that these violations occurred in connection with "an improper transfer of the services covered [under Omega's DOJ Contract Nos. DJJ05F1183 and DJJ05G1270] to [CWGT] under GSA ETS Contract No. GS-33F-N0017." *Id.* at 2.

Accordingly, CWGT now moves to intervene in this case.

## ARGUMENT

### A. CWGT IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT

CWGT is entitled to intervene in this action as a matter of right under RCFC 24(a), which provides that:

> Upon timely application anyone shall be permitted to intervene in an action: . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest unless the applicant's interest is adequately represented by existing parties.

RCFC 24(a). In accordance with this rule, intervention is proper because CWGT has timely applied for intervention, CWGT has an interest in the transaction that is the subject of this action, CWGT's protection of its interest will be impaired or impeded without its participation, and CWGT's interest will not be adequately represented by the existing parties.

CWGT has a direct and substantial economic interest in the allegations raised by Omega because the disposition of Omega's allegations could directly impact CWGT; Omega's request for remedies is directed at trying to hinder CWGT's performance of one or more of its contracts. *See Karuk Tribe v. United States*, 28 Fed. Cl. 694, 696 (1993) (stating that "to intervene as a matter of right, an applicant-intervenor must demonstrate a direct, immediate, legally protectable interest in the proceedings, such that the intervenor would 'either gain or lose by the direct legal

operation and effect of the judgment'"). Thus, the disposition of this action might, as a practical matter, impair or impede CWGT's property interest in revenues under one or more of its contracts.

Intervention also is proper because CWGT's interests are not adequately protected by the United States. The United States' interests, which may be driven by specific political and/or policy agendas, are potentially divergent from CWGT's more narrowly focused interest in protecting the fruits of its substantial investment in this procurement. It is important to note that courts require only a "minimal" burden to show that intervention is necessary on the ground that representation by existing parties may be inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). When the party that is expected to represent the intervenor's interests is a government body or officer, there is no presumption that such representation would be adequate, unless that body or officer is charged by law to represent the interests of the absentee. *Natural Resources Defense Council v. EPA*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983); *Diamond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986) (insurance companies permitted to intervene in support of insurance statute that the government was already defending); *see also Karuk Tribe*, 28 Fed. Cl. at 697-98 (concluding that the United States, as a trustee, "must represent the interests of all Indians" but even then "[t]o the extent that the interest of the Tribe and those of the plaintiffs conflict, the United States' ability to represent all Indians is compromised"). In this case, the United States is not (nor does it claim to be) an adequate representative of CWGT's interests in this litigation.

### B. CWGT Should Be Permitted to Intervene

Alternatively, CWGT should be permitted to intervene in accordance with RCFC 24(b) because CWGT's claims and defenses and the main action have questions of law or fact in

common. Accordingly, CWGT properly should be granted permissive intervention in the event that the Court deems that RCFC 24(a) does not entitle CWGT to intervention as a matter of right.

## CONCLUSION

For the foregoing reasons, CWGT is entitled to intervene (1) as a matter of right or (2) by permissive intervention. Accordingly, CWGT's Motion to Intervene should be granted.

Respectfully submitted,

Dated: March 19, 2008

Lars E. Anderson by Peter A. Riesen

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1605 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)
*Counsel to CW Government Travel, Inc.*

*Of Counsel:*
Peter A. Riesen
Patrick R. Quigley
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1605 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)

MC1DOCS1/247513.01

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **OMEGA WORLD TRAVEL, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | **No. 08-118C**<br>**(Judge Firestone)** |

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to the Rules of the United States Court of Federal Claims, CW Government Travel, Inc. ("CWGT"), by its undersigned counsel, timely files this Corporate Disclosure Statement.

CWGT is a wholly-owned subsidiary of Carlson Government Travel, Inc., a Delaware corporation. No publicly-held corporation owns 10% or more of CWGT's stock.

Respectfully submitted,

Dated: March 19, 2008

Lars E. Anderson by Peter A. Riesen

Lars E. Anderson
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1605 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)
*Counsel to CW Government Travel, Inc.*

*Of Counsel:*
Peter A. Riesen
Patrick R. Quigley
VENABLE LLP
8010 Towers Crescent Drive, Suite 300
Vienna, Virginia 22182
(703) 760-1605 (Telephone)
(703) 821-8949 (Facsimile)
(703) 760-1623 (Protected Facsimile)

MC1DOCS1/247492.01

**CERTIFICATE OF SERVICE**

Intervenor has filed the foregoing MOTION TO INTERVENE, MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, and CORPORATE DISCLOSURE STATEMENT electronically via the ECF electronic filing Website of the United States Court of Federal Claims and in accordance with the Rules of the Court of Federal Claims, Appendix E, Rule 12 have, therefore, served notice on counsel of record.

Peter A. Riesen

Peter A. Riesen

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST**

| | |
|---|---|
| **OMEGA WORLD TRAVEL, INC.,** | |
| **Plaintiff,** | |
| **v.** | **No. 08-118C** **(Judge Firestone)** |
| **THE UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**ORDER**

HAVING READ AND CONSIDERED the Motion to Intervene and Supporting Memorandum of Points and Authorities filed by CW Government Travel, Inc. ("CWGT"), together with any response thereto by the Plaintiff, the Court has determined that CWGT's Motion to Intervene as of Right should be, and hereby is, GRANTED.

SO ORDERED.

______________________________
Judge Firestone

March ___, 2008